IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEIR A. DUKE | * |
|    Petitioner, | * |
|       v. | *   CIVIL ACTION NO. AW-06-2460 |
| CLERK, UNITED STATES DISTRICT COURT | * |
| | * |
|    Respondent. | oo000oo |

## **MEMORANDUM**

Before the Court is a pro se pleading filed by Meir A. Duke requesting expungement of his record in Criminal Action No. K-90-135 (D. Md.).[1] The Court will construe the pleading as a Petition for Expungement.

Duke requests expungement of his criminal records for generally stated economic, social, and personal reasons. Duke indicates that since returning "to society and fulfilling my obligation thereof, I have remained productive and very prominent in the State of Maryland." Pet at 1.

There is no specific federal statute or regulation which authorizes expungement for a federal offense. The power to expunge is a "narrow one" reserved for an "unusual or extreme case." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975) (denying expungement in the context of an acquittal); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F. Supp.2d 567, 573-74 (D. Md. 2002). A federal court has only very limited equitable power to order the expungement of records in an criminal case and its

---

[1] Duke was convicted after he and twenty-two co-defendants were charged in a multi-count indictment with drug trafficking and other offenses. *See United States v. Williams, et. al.* Criminal Action No. K-90-135 (D. Md)

discretionary authority to do so is a narrow one which is reserved for the unusual or exceptional case.  *See   United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977);   *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997);   *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam)*;  Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990).           The United States Court of Appeals for the Fourth Circuit has adopted this reasoning and  recognizes that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g.*, *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984);  *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).  Further, it has been held that while a district court possesses ancillary jurisdiction to expunge criminal records for "equitable considerations," that  jurisdiction is limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error.  *United States v. Gary*, 206 F. Supp.2d 741, 742 (D. Md. 2002).

Records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977).   If an arrest is made on probable cause or if an indictment is properly obtained, records of these events should not be expunged, even if the charges are later dismissed.  *See id*.  The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal gravity, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the government ultimately fails to prove guilt. *See id.*

In this case, the Petition fails to present any basis appropriate for expungement. Duke neither alleges nor provides proof that his arrest, detention or confinement were constitutionally unlawful or that equitable considerations should otherwise apply. Further, Duke does not contend that his criminal record is the product of illegal or improper government activity or that this record is likely to be misused in any manner. The Petition for Expungement shall be dismissed without prejudice. A separate Order follows.


Date: September 26, 2006                             /s/
                                          Alexander Williams, Jr.
                                          United States District Judge